PROVIDENCE SPINA
Special Dept. of Justice Counsel
U.S. Environmental Protection Agency
Office of Civil Enforcement, Air Enforcement Division
1200 Pennsylvania Ave. NW, Mail Code 2242A
Washington, D.C. 20460
(202) 564-2722
spina.providence@epa.gov

BRIAN G. DONOHUE
Senior Attorney
U.S. Department of Justice
ENRD/EES
4CON USPS Mail
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5413
brian.donohue@usdoj.gov

ALLAN URGENT
Assistant U.S. Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07101
(973) 297-2079
allan.urgent@usdoj.gov

LISA MORELLI
Deputy Attorney General
State of New Jersey
Dept. of Law and Public Safety
R.J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625-093
(609) 376-2745
lisa.morelli@law.njoag.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION<br>*Plaintiffs*,<br><br>v.<br><br>SOMERSET RARITAN VALLEY SEWERAGE AUTHORITY,<br><br>*Defendant*. | Civil Action No. 3:20-cv-06741 |

## **COMPLAINT**

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of New Jersey ("New Jersey"), by authority of the Attorney General of New Jersey and through undersigned counsel,

acting on behalf of the New Jersey Department of Environmental Protection ("DEP"), file this Complaint and allege as follows:

## IDENTIFICATION OF PARTIES

1. Plaintiff, the United States of America, is acting at the request of the Administrator of the United States Environmental Protection Agency.

2. Plaintiff Department of Environmental Protection is a principal department of the State of New Jersey and the agency charged with enforcement of the New Jersey Air Pollution Control Act ("APCA"), N.J.S.A. 26:2C-1.1 et seq., with offices located at 401 East State Street, Trenton, New Jersey.

3. Defendant Somerset Raritan Valley Sewerage Authority ("Defendant" or "SRVSA") is a regional sewerage authority established in 1958 pursuant to the Sewerage Authorities Law, N.J.S.A. 40:14A-1 *et seq.*, with offices located at 50 Polhemus Lane Bridgewater, NJ 08807.

## NATURE OF ACTION

4. In this civil action under Section 113(b) of the Clean Air Act ("CAA"), 42 U.S.C. § 7413(b), the United States seeks civil penalties and injunctive relief against SRVSA for violations of the sewage sludge incinerator standards and regulations of the CAA at 40 C.F.R. Part 62, Subpart LLL ("Subpart LLL"), and Section 129(f) of the CAA, 42 U.S.C. § 7429(f). The State of New Jersey also seeks civil penalties and injunctive relief for violations of the APCA, N.J.S.A. 26:2C-1 *et seq.*, and its implementing regulations, including N.J.A.C. 7:27-8.1 *et seq.* and N.J.A.C. 7:27-22.1 *et seq.*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action, and over SRVSA, under 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and has supplemental jurisdiction over the claims by New Jersey under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over SRVSA because it is a political subdivision in New Jersey.

7. Venue is proper in this District because SRVSA is found and conducts business in this District and because the alleged violations took place in this District.  28 U.S.C. §§ 1391 and 1395; 42 U.S.C. § 7413(b).

## NOTICE

8. On July 18, 2016, EPA issued a notice of violation ("NOV") to SRVSA and provided a copy of the NOV to the State of New Jersey.  The NOV sets forth EPA's findings that SRVSA committed the alleged violations described in this Complaint and provided SRVSA an opportunity to confer with EPA.

9. The United States has provided notice of the commencement of this action to the State of New Jersey under Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## AUTHORITY

10. The Department of Justice has authority to bring this action on behalf of the Administrator of the EPA under 28 U.S.C. §§ 516 and 519, and Section 305(a) of the CAA, 42 U.S.C. § 7605(aa).

## **DEFENDANT**

11.     SRVSA is a municipal authority organized under Sewerage Authorities Law, N.J.S.A. 40:14A-1 *et seq*.

12.     At all relevant times, SRVSA owned and operated the SRVSA Regional Sewerage Authority ("Facility") located at 50 Polhemus Lane, Bridgewater Township, New Jersey, and the two fluidized bed sewage sludge incinerator ("SSI") units located there. 40 C.F.R. §§ 60.2 and 62.01; 42 U.S.C. § 7411(a)(5).

13.     SRVSA is a "person" as defined in Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## **STATUTORY AND REGULATORY BACKGROUND**

14.     The CAA, 42 U.S.C. §§ 7401 – 7671q, establishes a comprehensive scheme for protecting and enhancing the quality of the nation's air to promote public health and welfare. 42 U.S.C. § 7401(b)(1).

15.     Section 129 of the CAA, 42 U.S.C. § 7429, requires EPA to establish performance standards and other requirements under Section 111, 42 U.S.C. § 7411, for categories of solid waste incineration units. The performance standards are to include guidelines for existing incineration units. 42 U.S.C. §§ 7411(d); 42 U.S.C. § 7429(b)(1). States that have existing solid waste incineration units are required to submit plans to EPA for approval to implement and enforce the guidelines. 42 U.S.C. § 7429(b)(2). EPA must "develop, implement, and enforce a plan for existing solid waste incineration units within any category located in any State which has not submitted an approvable plan…" 42 U.S.C. § 7429(b)(3). EPA's plan must assure that existing units subject to the plan are in compliance with the guidelines no later than five (5) years after the date the guidelines are promulgated. *Id.*

16. Under Sections 111(d) and 129(b)(3) of the CAA, 42 U.S.C. §§ 7411(d) and 7429(b)(3), EPA promulgated the "Federal Plan Requirements for Sewage Sludge Incineration Units Constructed on or Before October 14, 2010" (hereinafter, "Subpart LLL" or "the Federal Plan") for the control of emissions from existing SSI units in states that did not submit an approvable state plan. 40 C.F.R. Part 62, Subpart LLL. The Federal Plan became effective May 31, 2016. 81 Fed. Reg. 26,040 (Apr. 29, 2016).

17. New Jersey did not submit an approvable state plan for the control of emissions from existing SSI units. Thus, Subpart LLL applies in New Jersey.

18. However, on October 12, 2016, DEP submitted to EPA a request for delegation of authority from EPA to implement and enforce the Federal Plan. EPA prepared a Memorandum of Agreement ("MoA") that defines the policies, responsibilities, and procedures by which the SSI Federal Plan would be administered by DEP and EPA. The request was accepted, and the MoA became effective upon the signature on January 24, 2017. EPA maintains authority to enforce the Federal Plan.

19. "Incineration of sewage sludge causes the release of a wide array of air pollutants, some of which exist in the waste feed material and are released unchanged during combustion, and some of which are generated as a result of the combustion process itself." 81 Fed. Reg. 26,042 (April 29, 2016) (citing to 76 Fed. Reg. 51,371-75, 51,396-99, and 51,399-400).

20. An SSI unit is subject to Subpart LLL if it meets the following criteria contained in 40 C.F.R. § 62.15885: 1) construction of the unit commenced on or before October 14, 2010; 2) it meets the definition of an SSI unit contained in 40 C.F.R. § 62.16045; and 3) it is not exempt under 40 C.F.R. § 62.15860.

21. Subpart LLL defines an SSI unit as "an incineration unit combusting sewage sludge for the purpose of reducing the volume of sewage sludge by removing combustible matter." 40 C.F.R. § 62.16045.

22. Subpart LLL exempts combustion units that incinerate sewage sludge that are not located at a wastewater treatment facility designed to treat domestic sewage sludge. 40 C.F.R. § 62.15860.

23. Subpart LLL requires that owners and operators of subject SSI units complete various actions, including but not limited to:

    a. Submission of a final control plan and achievement of final compliance, 40 C.F.R. § 62.15875;

    b. Submission of site-specific monitoring plans, 40 C.F.R. §§ 62.15980, 62.15995;

    c. Conducting initial and annual performance tests in accordance with the requirements of 40 C.F.R. § 62.16015;

    d. Demonstrating initial and ongoing compliance with the applicable emission limits, 40 C.F.R. §§ 62.15955, 62.15980, and 62.16000 (at Tables 2 or 3); and,

    e. Conducting an initial air pollution control device inspection, 40 C.F.R. § 62.15990;

    f. Setting and meeting the applicable operating limits, 40 C.F.R. §§ 62.15960, 62.15985;

    g. Submission of an initial compliance report within 60 days of the initial performance test, 40 C.F.R. § 62.16030(b).

24. Section 129(f) of the CAA, 42 U.S.C. § 7429(f), prohibits operation of an SSI unit in violation of any performance standard, emission limit, or other requirement after the effective date of the standard, limitation, or requirement.

25. Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes the United States to commence a civil action seeking injunctive relief and the recovery of civil penalties of up to $25,000 per day for each violation of any requirement or prohibition of Subchapter I of the CAA, 42 U.S.C. §§ 7401-7515, including CAA Section 129, and of regulations promulgated under Subchapter I of the CAA, including Subpart LLL.

26. Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, the Debt Collection Improvement Act ("DCIA"), 31 U.S.C. § 3701, and EPA's implementing regulations set out at 40 C.F.R. Part 19, the maximum civil penalty per day for each CAA violation was increased from $25,000 to $101,439 for violations occurring after November 2, 2015, where penalties are assessed on or after January 13, 2020.  40 C.F.R. § 19.4.

## GENERAL ALLEGATIONS

27. Under 40 C.F.R. § 62.15855(a), the Facility's SSI units are subject to Subpart LLL because: 1) they were constructed before October 14, 2010; 2) they are SSI units as defined in 40 C.F.R. § 62.16045; and 3) they are not exempt units pursuant to 40 C.F.R. § 62.15860.

28. As of May 31, 2016, SRVSA failed to comply with the provisions of Subpart LLL, as required.

29. SRVSA's failures to comply with Subpart LLL were/are violations of Section 129 of the Clean Air Act, 42 U.S.C. § 7429.

## CLAIMS FOR RELIEF

### First Claim for Relief – Failure to Submit Final Control Plan

30. Plaintiffs reallege and incorporate Paragraphs 1 through 29 as if fully set forth herein.

31. Under 40 C.F.R. § 62.15875, an owner/operator of an SSI unit subject to Subpart LLL must submit a final control plan by the final compliance date of March 21, 2016 (the "Final Compliance Date").

32. SRVSA failed to submit a final control plan as required. Accordingly, SRVSA violated 40 CFR §§ 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

33. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day.

### Second Claim for Relief – Failure to Achieve Final Compliance

34. Plaintiffs reallege and incorporate Paragraphs 1 through 33 as if fully set forth herein.

35. Under 40 C.F.R. § 62.15875, the owner/operator of an SSI unit subject to Subpart LLL must achieve final compliance by the Final Compliance Date.

36. SRVSA failed to achieve final compliance by the Final Compliance Date as required. Accordingly, SRVSA violated 40 C.F.R. § 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

37. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations,

the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day.

### Third Claim for Relief – Failure to Submit a Site-Specific Monitoring Plan

38. Plaintiffs reallege and incorporate Paragraphs 1 through 37 as if fully set forth herein.

39. Under 40 C.F.R. §§ 62.15995 and 62.15980(b)(4), the owner/operator of an SSI unit subject to Subpart LLL must submit site-specific monitoring plans at least 60 days before the Final Compliance Date.

40. SRVSA failed to submit site-specific monitoring plans as required. Accordingly, SRVSA violated 40 C.F.R. §§ 62.15995 and 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

41. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day.

### Fourth Claim for Relief – Failure to Meet Performance Testing Requirements

42. Plaintiffs reallege and incorporate Paragraphs 1 through 41 as if fully set forth herein.

43. Under 40 C.F.R. § 62.16015, the owner or operator of an SSI unit subject to Subpart LLL must meet specified performance testing requirements.

44. SRVSA's performance testing did not meet the requirements set forth in 40 C.F.R. § 62.16015. Accordingly, SRVSA violated 40 C.F.R. § 62.16015 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

45. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day.

### Fifth Claim for Relief – Failure to Demonstrate Initial and Ongoing Compliance with Applicable Emission Limits

46. Plaintiffs reallege and incorporate Paragraphs 1 through 45 as if fully set forth herein.

47. Under 40 C.F.R. §§ 62.15955 and 62.16000, the owner or operator of a fluidized bed SSI unit subject to Subpart LLL must demonstrate ongoing compliance with the emission limits and standards specified in Table 2 of Subpart LLL by the Final Compliance Date.

48. SRVSA failed to demonstrate initial and ongoing compliance with the emission limits and standards as required. Accordingly, SRVSA violated 40 C.F.R. §§ 62.15980, 62.15955 and 62.1600 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

49. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day.

### Sixth Claim for Relief – Failure to Set and Meet Applicable Operating Limits

50. Plaintiffs reallege and incorporate Paragraphs 1 through 49 as if fully set forth herein.

51. Under 40 C.F.R. § 62.15985, the owner/operator of an SSI unit subject to Subpart LLL must establish site-specific operating limits during the initial performance test, which must be conducted by the Final Compliance Date. *See also* 40 C.F.R. § 62.15980(a)(1).

52. Pursuant to 40 C.F.R. §§ 62.15960 and 62.16005, the owner or operator of an SSI unit subject to Subpart LLL must meet its established site-specific operating limits by the Final Compliance Date and demonstrate ongoing compliance with those operating limits.

53. SRVSA failed to establish site-specific operating limits or demonstrate initial or ongoing compliance with those site-specific operating limits as required. Accordingly, SRVSA violated 40 C.F.R. §§ 62.15960, 62.15985, 62.16005, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

54. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day.

**Seventh Claim for Relief – Failure to Submit an Initial Compliance Report**

55. Plaintiffs reallege and incorporate Paragraphs 1 through 54 as if fully set forth herein.

56. Under 40 C.F.R. § 62.16030(b), the owner or operator of an SSI unit subject to Subpart LLL must submit an initial compliance report no later than 60 days following the initial performance test.

57. SRVSA failed to submit a timely initial compliance report as required. Accordingly, SRVSA violated 40 C.F.R. § 62.16030(b) and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

58. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations,

the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day.

### Eighth Claim for Relief – Failure to Adhere to Permit Requirements and Conditions

59. Plaintiff State of New Jersey, Department of Environmental Protection, realleges and incorporates Paragraphs 1 through 58 as if fully set forth herein.

60. Pursuant to N.J.A.C. 7:27-22.3(e), the facility operator must ensure that the facility operates in accordance with all conditions and provisions of the facility's operating permit.

61. In 2017 and 2018, SRVSA failed to operate components associated with SSI unit R2 in accordance with the operating permit and all conditions and provisions therein by failing to vent the headworks and septage receiving tank/station to the requisite carbon adsorption unit, CD4.

62. Defendant accordingly violated the APCA, N.J.S.A. 26:2C-9.2(a), and its implementing regulations, including specifically N.J.A.C. 7:27-22.3(e).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of New Jersey, respectfully request that this Court:

1. Enjoin SRVSA from operating the Facility and SSI units located there except in accordance with the CAA, the APCA, and applicable regulatory requirements, including any measures necessary to comply with Subpart LLL and N.J.A.C. 7:27-22.3(e), and N.J.S.A. 26:2C-9.2.

2. Assess SRVSA civil penalties of up to $101,439 per day for each CAA violation;

3. Assess SRVSA civil penalties of up to $400 per day for each APCA violation;

4. Award the United States all costs and disbursements of this action; and

5. Grant such other relief as the Court deems just and proper.

        Respectfully submitted,

        ELLEN MAHAN
        Deputy Chief
        Environmental Enforcement Section
        Environment and Natural Resources
        Division
        U.S. Department of Justice

        s/ Brian G. Donohue
        BRIAN G. DONOHUE
        Senior Attorney
        Environmental Enforcement Section
        Environment and Natural Resources
        Division
        U.S. Department of Justice
        Ben Franklin Station P.O. Box 7611
        Washington, D.C. 20044-7611
        (202) 514-5413
        brian.donohue@usdoj.gov

        s/ Providence Spina
        PROVIDENCE SPINA
        Special Department of Justice Counsel
        U.S. Environmental Protection Agency
        Office of Civil Enforcement, Air
        Enforcement Division
        1200 Pennsylvania Ave. NW, Mail Code
        2242A
        Washington, D.C. 20460
        (202) 564-2722
        Spina.providence@epa.gov

CRAIG CARPENITO
United States Attorney
District of New Jersey

ALLAN URGENT
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
(973) 297-2079
allan.urgent@usdoj.gov

s/ Lisa Morelli

LISA MORELLI
Deputy Attorney General
State of New Jersey
Dept. of Law and Public Safety
R.J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625-093
(609) 376-2708
Lisa.morelli@njoag.gov

OF COUNSEL:

ANHTHU HOANG
Assistant Regional Counsel
Environmental Protection Agency, Region 2
290 Broadway, 16th floor
New York, New York 10007